# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3752

_____

| | | |
|---|---|---|
| Kenneth Royal, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| John Doe, Police Officer, City of | * | |
| DeQueen Police Department; John | * | |
| Doe, Police Officer, City of | * | |
| DeQueen Police Department; Kim | * | |
| Culp, Supervisor, Sevier County | * | |
| Jail; John Partain, Sheriff, Sevier | * | |
| County, Arkansas; Neddy Wilson, | * | Appeal from the United States |
| Jailer, Sevier County Jail; Steve | * | District Court for the Western |
| Watson, Police Captain; | * | District of Arkansas. |
| | * | |
| Defendants, | * | [UNPUBLISHED] |
| | * | |
| Troy Cravens, Sergeant; Mark | * | |
| Logazino, Patrolman; | * | |
| | * | |
| Defendants-Appellees, | * | |
| | * | |
| Mark Bailey, Officer; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Jim Smith, Chief of Police, | * | |
| DeQueen, Arkansas, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: September 10, 2001

Filed: September 20, 2001
_____

Before LOKEN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.
_____

PER CURIAM.

After a police dog bit Kenneth Royal during an arrest, Royal sued City of DeQueen police officers for use of excessive force under 42 U.S.C. § 1983. Construing an amendment to Royal's pro se complaint in the light most favorable to Royal, we believe Royal also asserted claims against the City of DeQueen (the City) and Police Chief Smith for maintaining unconstitutional policies about the use of excessive force and police dogs, failure to follow these policies, and failure to train and properly supervise the officers who arrested Royal. The district court[**] denied Royal's motions for appointment of counsel, so Royal represented himself. Although Royal listed the doctors who treated his dog bite as witnesses, he did not prepay the fees and mileage costs as required by the local rule and the court's order; thus the doctors were not issued subpoenas and did not appear to testify. Royal testified to his version of events leading to the dog bite and to his resulting injuries. At the close of Royal's case, the district court granted judgment as a matter of law for the City and Chief Smith. After considering the case against the police officers, the jury returned a verdict for the officers.

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[**]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Royal appeals, challenging the district court's denial of his motions for appointment of counsel, refusal to issue subpoenas without prepayment of fees, and grant of judgment as a matter of law on his municipal and individual liability claims in favor of the City and Chief Smith. Having reviewed the appointment of counsel and subpoena claims for abuse of discretion and the entry of judgment as a matter of law de novo, we affirm. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (reviewing appointment of counsel motions for abuse of discretion); Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (reviewing decision to issue subpoenas for indigent parties at government expense for abuse of discretion); see also Hawkins v. City of Farmington, 189 F.3d 695, 700-01 (8th Cir. 1999) (reviewing judgment as a matter of law de novo).

We reject Royal's contention that the district court abused its discretion in declining to appoint counsel. Although the court may appoint counsel in some civil cases, Royal had no statutory or constitutional right to have counsel appointed. See Stevens, 146 F.3d at 546. Indeed, the record shows Royal had the ability to represent himself adequately in a case that was neither factually nor legally complex. Similarly, the court did not abuse its discretion in refusing to issue subpoenas without Royal's prepayment of fees. See Williams, 10 F.3d at 566. Besides, Royal's own testimony presented the evidence he sought to obtain from the absent doctors. Finally, the district court properly granted judgment for the City and Chief Smith because Royal failed to make a submissible case on his claims of unconstitutional policies, failure to follow those policies, training failures, and improper supervision of subordinate officers. See Audio Odyssey, Ltd. v. Brenton First Nat. Bank, 245 F.3d 721, 741-42 (8th Cir. 2001). Having considered the evidence and all reasonable inferences in the light most favorable to Royal, we conclude that no reasonable person could arrive at a verdict in Royal's favor. See Hawkins, 189 F.3d at 701.

Finding no reversible error, we thus affirm the district court. See 8th Cir. R. 47B. We also deny Royal's motion to supplement the record.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.